*55 OPINION.
Smith :
The petitioner complains that the Commissioner has erroneously excluded from its invested capital for the calendar year 1918 the amount of a dividend declared on December 20, 1917, and placed to the credit of the principal stockholders’ accounts as of that date. The petitioner contends that the dividend was in effect a stock dividend.
From the evidence of record it is to be noted that the corporation, on December 20, 1917, declared a cash dividend. It so designates the dividend declared and the dividend was paid in cash to the two minority stockholders and the check drawn in payment of the dividend to one of the minority stockholders was immediately cashed. It is the contention of the petitioner that the corporation was in error in using the word “cash” in referring to this dividend; that it was never the intention of the petitioner to declare a cash dividend; that at the time the dividend was declared it was the contemplation of the two Luthe brothers that the capital stock of the *56 corporation would, be increased and that they should receive shares of stock in place of cash for the dividend payable to them.
Whether a dividend declared is a cash dividend or a stock dividend is a question of fact to be determined from all the circumstances in the case. The courts will look to substance and not form in determining the issue. United States v. Mellon, 279 Fed. 910; (C. C. A.) 281 Fed. 645; United States v. Davison, 1 Fed. (2d) 465; Appeal of Theresa Zellerbach, 2 B. T. A. 1076.
The facts which obtain in this .case are substantially different from those which obtained in the cases above referred -to. The evi-_. dence is by no means convincing that it was the intention of the two Luthe brothers that the cash dividend declared on December 20, 1917, should not be paid to them in cash. The corporation had undivided profits greatly in excess of the amount of the dividend-declared and the amount of cash and liquid investments was in excess of $300,000. The corporation had no authority at the time the dividend was declared to increase its outstanding capital stock. In our opinion, the case at bar is similar to cases hereinbefore decided by the Board to the effect that a dividend paid was a cash dividend and not a stock dividend. Appeals of A. H. Stange, 1 B. T. A. 810; Wm. H. Davidow Sons Co., 1 B. T. A. 1215; Eugene E. Paul, 2 B. T. A. 150; W. J. Hunt, 5 B. T. A. 356.
The second point for decision is whether the dividend declared on December 20, 1917, should be considered as reducing the surplus and therefore the invested capital from the date of declaration. The law is well established that as soon as the dividend is lawfully and fully declared out of surplus profits the corporation becomes indebted from that moment to each stockholder for the amount of his share. W. E. Caldwell Co. v. Commissioner, 6 B. T. A. 47. The amount so declared, therefore, represents borrowed capital and as such can not be included in invested capital.

Judgment will be entered for the Commissioner.